UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THEODORE STEVENS, Petitioner, v. JOHN HENLEY, *et al.*, Respondents. | Case No. 3:26-cv-00519-MMD-CSD<br>ORDER |

Pro se Petitioner Theodore Stevens, a Nevada prisoner, has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing an application for leave to proceed *in forma pauperis* ("IFP"). He submitted a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition" (ECF No. 1-1)) but did not pay the $5.00 filing fee or submit a complete IFP application.

Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize an indigent prisoner to begin a habeas action without paying the fee if he or she submits an IFP application on the approved form and includes three specific documents: (1) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (2) a financial certificate signed by the prisoner and an authorized prison official, and (3) a copy of the prisoner's account statement for the six-month period before the filing of the Petition. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. In accordance with these requirements, Stevens must either pay the $5 filing fee or submit a complete IFP application with all required documentation before the Court will screen his Petition.

It is therefore ordered that the initial screening of Stevens's Petition for a Writ of Habeas Corpus (ECF No. 1-1) is deferred to until such time as he has fully complied with

this Order.

It is further ordered that the Clerk of Court is directed to send Stevens a blank form IFP application for incarcerated litigants along with instructions, and a copy of this Order.

It is further ordered that, within 45 days of the date of this order, Stevens must file an IFP application that includes: (1) financial certificate signed by Stevens and an authorized prison official, (2) financial declaration and acknowledgement signed by Stevens, and (3) copy of Stevens's inmate account statement for the six-month period before the filing of the Petition. Alternatively, Stevens may pay the $5 filing fee within 45 days of the date of this order. If Stevens decides to pay the filing fee from his inmate account, he must arrange to have a copy of this Order attached to the check for the filing fee.

It is further ordered that Stevens's failure to comply with this order within 45 days by either submitting a complete IFP application or paying the filing fee will result in the dismissal of this action without prejudice and without further advance notice.

DATED THIS 20th Day of July 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE