UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

THEODORE STEVENS,

Petitioner,

v.

JOHN HENLEY, *et al.*,

Respondents.

Case No. 3:26-cv-00519-MMD-CSD

ORDER

## I. SUMMARY

Petitioner Theodore Stevens, a *pro se* Nevada prisoner, was given until September 11, 2026, to file on the proper form an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 5.) Stevens timely filed an Amended Petition (ECF No. 6) and a Supplement to the Amended Petition (ECF No. 11), which the Court will collectively refer to as the "Petition." Although Stevens paid the filing fee (ECF No. 4), he has since filed a Motion for Appointment of Counsel (ECF No. 7), applied for Leave to Proceed *In Forma Pauperis* (ECF No. 8), and submitted a Financial Certificate (ECF No 10). He also filed a Motion to Correct Notice of Filing requesting the Court correct the docket to reflect that ECF No. 11 is a supplement to the petition. (ECF No. 12.) The Court has reviewed the Petition and will dismiss the Petition with prejudice as an unauthorized second or successive habeas petition, deny the motions for appointment of counsel and for leave to proceed *in forma pauperis* as moot, and grant the request to correct the docket.

///

///

///

## II. DISCUSSION

Under Habeas Rule 4,[1] the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). A court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

The Court takes judicial notice[2] that Stevens was convicted of First-Degree Murder in Eighth Judicial District Court Case No. 05C212844-1 in Clark County, Nevada. According to the state court docket, his judgments of conviction were entered in 2007 and 2008, and no subsequent intervening amended judgments have been entered for that case. Stevens' Petition acknowledges he previously challenged the state court's judgment of conviction in a federal habeas action. (ECF No. 6 at 2-4.) In April 2015, Stevens' federal habeas petition challenging the judgment in Case No. 05C212844-1 was denied on the merits, and judgment was entered. *See* Case No. 3:12-cv-00081-ART-CLB at ECF Nos. 49; 50. The Ninth Circuit Court of Appeals affirmed. *Id.* at ECF No. 55; 66. In 2025, Stevens filed a second federal habeas petition challenging the state court judgment in Case No. 05C212844-1, and this Court dismissed that petition as second or successive. *See* Case No. 3:25-cv-00281-MMD-CSD at ECF No. 16. Although Stevens recently sought modification of his sentence in state court, his efforts did not yield an amended judgment of conviction. (ECF No. 11 at 82-89.) The Court takes judicial notice that Stevens has a proceeding pending at the Ninth Circuit Court of Appeals. *See* Case

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this Order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2]The Court takes judicial notice of the docket for Clark County Case No. 05C212844-1, available here, and of the dockets for Stevens's cases filed in the United States District Court in Nevada and the Ninth Circuit Court of Appeals.

No. 26-4832.

The current Petition alleges the Court in Case No. 3:12-cv-00081-ART erroneously ruled on his claims that his statements to the police were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966) and *Missouri v. Seibert*, 542 U.S. 600 (2004). (ECF Nos. 6 at 4-7; 11 at 3-6.) The Court finds the Petition is second or successive because a prior federal petition was decided on its merits, Stevens attacks the same judgment of conviction, and the claims Stevens raises here are based on facts that occurred by the time of the prior petition. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) ("[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition.").

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, a petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *See Brown*, 889 F.3d at 667. Stevens has not alleged or shown that he has received authorization from the Ninth Circuit to file this second or successive petition. This second or successive petition must therefore be dismissed for lack of jurisdiction.

## III. CONCLUSION

It is therefore ordered that the Amended Petition for a Writ of Habeas Corpus (ECF Nos. 6; 11) is dismissed with prejudice as an unauthorized second or successive petition under 28 U.S.C. § 2254.

It is further ordered that the Motion for Appointment of Counsel (ECF No. 7) is denied as moot.

It is further ordered that the Application to Proceed *In Forma Pauperis* (ECF No. 8) is denied as moot.

It is further ordered that the Motion to Correct Notice of Filing (ECF No. 12) is

granted. The Clerk of Court is directed to correct the docket to reflect that ECF No. 11 is filed as a Supplemental Petition rather than an Amended Petition.

It is further ordered that a certificate of appealability will not be issued.

DATED THIS 22nd Day of September 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE